FILED
CLERK, U.S. DISTRICT COURT
APR 18 2023
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

THE HONORABLE ______________

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

MATTHEW KATZ, as an individual;

Plaintiff,

v.

DAVID OLAN, as an individual and as an Attorney; OLAN LAW (aka DAVID OLAN LAW CORP); KENZI LEVINE, as an individual and as legal assistant to DAVID OLAN and to OLAN LAW (aka DAVID OLAN LAW CORP.), and DOES 1-4, Inclusive,

Defendants.

Case No. CV23-3004

CIVIL COMPLAINT for:

1. BREACH OF CONTRACT
2. FRAUD AND DECEIPT; and,
3. BREACH OF FIDUCIARY DUTY
;

## CIVIL COMPLAINT

Plaintiff MATTHEW KATZ (hereinafter "Katz") hereby sues the above Captioned Defendants DAVID OLAN, as an individual and as an attorney; OLAN LAW (aka DAVID OLAN LAW CORP); KENZI LEVINE as an individual and as legal assistant to DAVID OLAN and to OLAN LAW (aka DAVID OLAN LAW CORP.); and DOES 1-4, Inclusive and states as follows:



Matthew Katz, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW
Olympia, WA 98502

## I.

## NATURE OF ACTION

**1.1** This is a civil action against the defendant attorneys DAVID OLAN and the DAVID OLAN LAW OFFICES (collectively "Olan"), for their unlawful actions of breach of contract, fraud / deceit and breach of fiduciary in relation to their client Plaintiff MATTHEW KATZ (hereinafter "Katz"). The action includes additional claims against said defendants and also defendant KENZI LEVINE who was the paralegal of Olan's assisting with legal services to Katz.

**1.2** Katz contends first and foremost contends that in the summer of 2020 that he first discovered that Olan had defrauded him, by fraudulently inducing him to enter into retaining them for their legal services firstly to assist him in the re-filing of his Complaint against AV Tire which he had on his own filed as a vexatious litigant at the Los Angeles Superior Court, Central District, Stanley L. Mosk courthouse, that said superior court clerk had granted Katz additional time to file through a licensed California attorney. Katz further alleges that Olan did file a Complaint against the buyer of his real property in Malibu, California who after purchase of which became Katz's landlord. Katz sought for Olan to sue said landlord, Jay Bernstein inter alia for conversion, elder abuse and infliction of emotional distress regarding his treatment of Katz as a tenant. Finally, Katz alleges that Olan did not file any Complaint against Southern California Edison for its



Matthew Katz, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW
Olympia, WA 98502

negligence responsible for the 2018 Woolsey Fires that destroyed millions of dollars of personal property belonging to Katz at said Malibu residence located at 29903 Harvester Rd., Malibu, California 90265. Nobody else that Katz contacted was prior to or after his contacting Olan was willing to sue Southern California Edison on his behalf.

**1.3** Olan never filed any Complaint against AV Tire as they specifically told Katz they would, ultimately arguing with Katz that he was never a vexatious litigant when he engaged their legal services for such purpose inter alia. Olan did not undertake legal work for Katz in relation to AV Tire the filing of which was time of the essence, but for Olan's fraud in the inducement, Katz could have procured the services of another law firm. Olan never filed either of the other two (2) aforementioned lawsuits that Katz retained him to do.

**1.4** Katz also alleges that Olan charged of retainer monies, deposited amounts of which is also disputed hereby, for services not rendered. Katz alleges that above captioned Kenzi Levine (hereinafter "Levine") also perpetrated fraud upon Katz in such regard, as complicit with Olan.

**1.5** Katz seeks monetary relief against all of the defendants respectively for breach of contract and breach of fiduciary duty owed him in recompense for the harm and economic damages he suffered as a result of Olan's and Levine's actions affecting him.



Matthew Katz, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW
Olympia, WA 98502

## II.

## PARTIES

**2.1** Katz is a male, aged 93.5 years old, and a current full-time resident at the 5619 Sunrise Beach Rd. NW, Olympia, Washington 98502. Previously, at all relevant times, he resided at 29903 Harvester Rd., Malibu, California 90265 which real property's house inclusive of Katz's personal property some of which was located therein and other of which was located on the exterior of the premises was destroyed by the Woolsey fires in 2018.

**2.2** Based upon information and belief, the defendant DAVID OLAN is an attorney licensed to practice law within the State of California (California state bar #144634), and his place of business like the place of business of defendant DAVID OLAN LAW OFFICES is located at Olan Law Corp, 212 Marine St, Unit 302, Santa Monica, CA 90405-6513 County: Los Angeles County Phone Number: (310) 566-0010 Fax Number: (310) 566-0017, Email: david@olanlaw.com (collectively "Olan").

**2.2** Defendant Kenzi Levine, based upon information and belief, is now a licensed California attorney herself whose most recent place of business from January 2020 to the present is Schmmel & Parks, APLC,15303Ventura Blvd., Sherman Oaks, CA 91403, Suite 1650, Phone: (818) 922-8544.



Matthew Katz, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW
Olympia, WA 98502

## III.

## JURISDICTION

**3.1** Plaintiff and the Defendant corporation are residents of two different states and the amount of damages exceeds $75,000.00 (Seventy-Five Thousand Dollars) exclusive of interest and costs, and therefore this federal court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.

**3.2** The alleged harms and obligations hereby sued upon as well alleged acts of fraud respectively occurred or were created in Los Angeles County. Therefore, this Court is the proper court for the trial of this action.

**3.3** Jurisdiction is premised upon the fact that the damages suffered by Plaintiff is in excess of the minimum sum required for jurisdiction in the Superior Court of the State of California.

**3.4** Further, this Court has personal jurisdiction over Olan and Levine based upon their persona and / or business addresses located within the State of California and even as within Los Angeles County and inter alia wherefrom they transact or have transacted business and contract to services in the state of California and the fact that each of the Defendants has purposefully availed himself or herself of the jurisdiction of this Court by transacting business with Katz in the state of California.



Matthew Katz, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW
Olympia, WA 98502

**3.5** Venue and jurisdiction are proper in this county as all of the claims Katz lodges hereby include the substantial amount of the transactions and resulting harm incurred by him occurred in this State of California.

**3.6** At all times relevant, and per Olan's retainer with Katz, Olan and Levine's respective contractual obligations or fiduciary duties owed to Plaintiff either were to occur in or did vest in Los Angeles County, California and, as such, said respective obligations and fiduciary duties of the Defendants, as aforementioned, were to be performed in Los Angeles County, California.

**3.7** Each of the Defendants, respectively, was to either (a) perform their respective obligations as owed to Plaintiff under the subject verbal contract and / or under fiduciary duty in Los Angeles County, California; or (b) did engage in unlawful conduct in Los Angeles County, California which resulted in economic and / or emotional harm to Katz.

## IV.

## VENUE

**4.1** Venue and jurisdiction are also proper in this county as, based upon information and belief, each of the above captioned Defendants reside and/or transacts business in this County of Los Angeles, California.



Matthew Katz, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW
Olympia, WA 98502

V.

**FACTUAL BACKGROUND**

**5.1** In Spring of 2019, following the destruction of his Malibu residence by the Woolsey fires, Plaintiff sought to engage the services of Olan to represent him in legal actions Plaintiff respectively sought to commence against AV Tire for damages to enable him to afford medical assistance from a motor vehicle accident for which AV Tire was at fault and to commence an action against the buyer of the real property at which he had previously resided in Malibu, California that was subsequently destroyed by the Woolsey Fires in November 2018.

**5.2** During his initial consultation at Olan, Katz informed Olan that the reason he could not legally represent himself in the matters for which he sought Olan's legal services was due to the fact that he was on the vexatious litigant list at the Los Angeles Superior Court, which precluded him from doing so as a self-represented party. Defendant DAVID OLAN knowingly chose to represent Katz and take his case and other potential cases in full knowledge of the fact that Katz had been deemed a vexatious litigant.

**5.3** Olan agreed to be retained by Katz for said legal services, and accepted over $8,000.00 retainer funds to be posted to Plaintiff's account with it. Such monies in cash were picked up on behalf of Olan by their legal assistant at the time, Kenzi Levine.

**5.4** Exhibit 1 attached establishes the chronological order and outlines the course of



Matthew Katz, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW
Olympia, WA 98502

Katz's professional engagement of Olan.

**5.5** After a period of only two months, during which time Olan and Levine only engaged in correspondence and telephonic conferences with opposing counsel in both of the cases sought filing of by Olan, Katz was informed by the defendant DAVID OLAN that he and his firm no longer chose to represent him. Olan then informed Katz that most of his posted retainer had been exhausted based upon the billable hours Olan had charged him to date. However, Olan had merely written a few letters on Katz's behalf which by no means did equate to the number of hours that Olan billed Katz.

**5.6** Based upon his contractual reliance on Olan, as well as his expectation interest in having posted his retainer monies with Olan, in addition his trust in Olan's fiduciary duty to him, Katz lost both the opportunity to recover at least $500,000.00 (Five Hundred Thousand Dollars) on his meritorious claims against AV Tire, since over the course of Olan's actions the statute of limitations had said claims had fully run. During that same time, Katz had foregone the opportunity to sue his cousin short sale buyer on claims of elder abuse, infliction of emotional distress and in lodging his claims against Southern California Edison, such other cases.

**5.7** Additionally, during the period in which Olan essentially wasted Plaintiff's time and money, based upon its fraudulent misrepresentations to him, the health of Plaintiff, 91 as of the date of this writing, rapidly deteriorated to the point that it became doubly



Matthew Katz, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW
Olympia, WA 98502

difficult for him to engage the services of another attorney as to the latter legal action sought.

**5.8** Olan did thereby also violate ethical and other of this state's rules of professional conduct that governed them.

**5.9** Given his advanced age, state of physical health, and, moreover, emotional state that Olan's actions caused Plaintiff economic, physical and emotional damage but engaged in legal malpractice through their acts of fraud and violations of the California State Bar Rules of Professional Conduct.

## VI.
## FIRST CAUSE OF ACTION

*At Law, for:* **BREACH OF CONTRACT**
*(against Olan only)*

**6.1** Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1.1 through 5.9 as if fully set forth herein.

**6.2** Olan breached its professional contract with Katz since it did not file any of the three (3) lawsuits that Katz retained it to do, and in fact promised to do in exchange for a retainer from Katz.



Matthew Katz, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW
Olympia, WA 98502

*At Law, for:*

## SECOND CAUSE OF ACTION
## FRAUD AND DECEIT
*(against Olan and Levine)*

**6.4** Katz repeat and re-allege each and every allegation contained in the foregoing paragraphs 1.1 through 6.3 as if fully set forth herein.

**6.5** Olan did make material misrepresentations to Plaintiff to enter into the subject contract in retainer of their services.

**6.6** It is fully evident from the facts, that Olan knew full well that Plaintiff was on the vexatious litigant list of this court, that Olan opted to accept Plaintiff as a client nonetheless and that Plaintiff relied on the parties' resultant retainer arrangement and invested trust in Olan's fiduciary duty as attorneys to him.

**6.7** Olan made the foregoing material representations and promises to Plaintiff, in spite of what it later revealed to be their policy against representing vexatious litigant clients.

**6.8** Katz acted in justifiable reliance upon Olan's material misrepresentations, promises and assurances to him that they would legally assist him regardless that Plaintiff had already informed them that he was listed as a vexatious litigant at this court.

**6.9** Katz did not know of the falsity of the representations and, in addition, was not aware as to Olan's actual lack of intention to fully perform and or furnish proof to



Matthew Katz, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW
Olympia, WA 98502

him, and Katz could not, in the exercise of reasonable diligence, have discovered Olan's lack of intention and / or misrepresentations to him to fraudulently induce him to give his contractual agreement to retain Olan.

**6.10** The frauds by which Katz was induced to enter into his retainer arrangement with Olan meet the four-part threshold test for actionable fraud given that (1) Olan was in a fiduciary relationship with Katz; (2) when both Olan had exclusive knowledge of material facts not known to Katz; (3) Olan concealed a material fact from Katz; and (4) Olan made some partial representations but also suppressed some material facts. See Heliotis v. Schuman (1986) 181 Cal. App. 3d 646, 651, 226 Cal. Rptr. 509.

**6.11** The aforementioned fiduciary relationship came about as a result of Katz's retainer contract with Olan. Warner Constr. Corp. v. City of Los Angeles (1970) 2 Cal.3d 285, 294, 85 Cal. Rptr. 444, 466 P.2d 996.

**5.12** As a direct and proximate result of his justifiable reliance upon Olan and Levine, Katz has suffered significant and extensive damages and financial injury.

**5.13** Katz seeks punitive damages against Olan pursuant to Calif. Civ. Code § 3294 which states in pertinent part that:



Matthew Katz, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW
Olympia, WA 98502

"a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant . . . (c) As used in this section, the following definitions shall apply: (1) "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others. (2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights. (3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury."

## THIRD CAUSE OF ACTION

*At Law, for:* **<u>BREACH OF FIDUCIARY DUTY</u>**

*(against Olan only)*

**6.20** Katz repeats and re-alleges each and every allegation contained in the foregoing paragraphs 1.1 through 6.19 as if fully set forth herein.

**6.21** Olan created an attorney-client relationship with Katz when it created the parties' contractual retainer agreement, and therefore owed Katz a fiduciary duty of care.

**5.22** Olan breached their fiduciary duty to Katz by engaging in acts and omissions alleged herein including its fraudulent misrepresentation and concealment of its policy of not representing an individual whose name appears on this court's vexatious litigant list and not undertaking to perform the legal actions against AV Tire, Jay Bernstein and Southern California Edison for which purposes the Plaintiff had procured their legal services.



Matthew Katz, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW
Olympia, WA 98502

**6.23** As a direct and proximate result of Olan's breach of fiduciary duty owed to him, Plaintiff has suffered damages in an amount to be proved at trial, but in no event less than $10,000,000.00 (Ten Million Dollars) against Olan and Levine respectively.

# PRAYER FOR RELIEF

**WHEREFORE**, Katz respectfully requests that this Court enter judgment in his favor and as against Olan and Levine and Orders that:

(a) For Plaintiff to be awarded breach of contract damages against defendants Olan either individually or collectively as Olan in an amount equivalent to what the court deems fair based upon the resulting suffered by Plaintiff, not limited to his foregone loss of personal property and destruction of personal property claim for which Plaintiff respects to be $25,000,000.00 (Twenty-Five Million Dollars). Said amount to be established by a third-party independent appraiser as mutually agreement upon by the parties at the direction of the court.

(b) For Katz against Olan and Levine in treble damages for their frauds that resulted in harm and economic damages to Katz in the amount of $25,000,000.00 (Twenty-Five Million Dollars).

(c) For Plaintiff against Olan for breach of their fiduciary duty to Plaintiff in an amount that the court deems just and fair.



Matthew Katz, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW
Olympia, WA 98502

(d) For whatever other monetary amount of money damages the court deems fair and just;

(e) For all costs of suit incurred herein; and,

(f) For prejudgment at the judicial rate.

DATED this 15th day of April 2023.

MATTHEW KATZ, PLAINTIFF *PRO SE*

By: ______________________

Matthew Katz, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW
Olympia, WA 98502
Phone: (310) 666-6031
Email: malibutrade@gmail.com

## VERIFICATION

I, MATTHEW KATZ, am the Plaintiff pro se in the above captioned. I hereby verify under penalty of perjury under the laws of the State of California that all factual allegations made on my behalf in the foregoing complaint against defendants DAVID OLAN, THE DAVID OLAN LAW FIRM and KENZI LEVINE as above captioned are true and correct to the best of my knowledge, on the basis of which I seek the relief requested thereby inclusive of punitive damages.

DATED: April 15, 2023

MATTHEW KATZ



Matthew Katz, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW
Olympia, WA 98502

OLAN LAW
a professional corporation
212 Marine Street • Suite 100
Santa Monica, CA 90405

phone: (310) 566-0010
fax: (310) 566-0017
www.olanlaw.com

## LEGAL SERVICES RENDERED BY DAVID R. OLAN

| Date | Matter | Time |
|---|---|---|
| 4/16/2019 | Intake meeting with Matthew Katz | 1.0 |
| 4/16/2019 | Drafted e-mail regarding case strategy to Schimmel and Parks | 0.5 |
| 4/18/2019 | Received e-mail regarding case strategy to Schimmel and Parks | 0.5 |
| 4/19/2019 | Drafted retainers for Matthew Katz | 0.25 |
| 4/19/2019 | Phone call with Matthew Katz re case strategy | 0.25 |
| 4/20/2019 | Reviewed documents and pictures from Katz | 0.75 |
| 4/20/2019 | Conferred with Kenzie Levine re case strategy | 0.50 |
| 4/25/2019 | Conferred with Kenzie Levine re case strategy | 0.50 |
| 4/25/2019 | Received and reviewed e-mail from Matthew Katz | 0.25 |
| 4/25/2019 | Received and reviewed e-mail from Matthew Katz | 0.25 |
| 4/26/2019 | Received and reviewed e-mail from Matthew Katz | 0.25 |
| 4/29/2019 | Phone call with Matthew Katz and Kenzie Levine | 0.25 |
| 4/29/2019 | Conferred with Kenzie Levine re case strategy | 0.50 |
| 4/29/2019 | Reviewed and approved letter to Jay Bernstein | 0.25 |
| 4/30/2019 | Reviewed e-mails from Aryeh Younger and sent reply | 0.25 |
| 5/5/2019 | Case strategy with Kenzie Levine | 0.75 |
| 5/6/2019 | Reviewed e-mails from Aryeh Younger | 0.25 |
| 5/7/2019 | Reviewed two e-mails from Matthew Katz | 0.50 |
| 5/8/2019 | Drafted and sent e-mail to Matthew Katz re case strategy | 0.25 |
| 5/8/2019 | Received and reviewed e-mail from Matthew Katz | 0.25 |
| 5/7/2019 | Reviewed e-mail from Aryeh Younger and images (texts between Katz and Bernstein) | 0.50 |
| 5/14/2019 | Received and reviewed e-mail from Matthew Katz (including previous correspondence between Katz and Jay Bernstein) | 0.25 |
| 6/5/2019 | Received and reviewed e-mail from Matthew Katz | 0.25 |
| 6/5/2019 | Replied to e-mail from Matthew Katz | 0.25 |
| | | |
| | Total Time: | 9.50 |
| | Total Services and costs: | (@ 400/hr.) $3,800 |

## Costs Incurred

TOTAL COSTS INCURRED.................................................. $0.00
BALANCE IN TRUST ACCOUNT as of April 20, 2019 .................... $8,000.00
TOTAL SERVICES AND COSTS as of June 5, 2019 ...................... $6,125.00
DRAWN FROM TRUST ACCOUNT on June 10, 2019 ........................ $6,125.00
CURRENT BALANCE IN TRUST ACCOUNT ................................. $1,875.00
AMOUNT DUE THIS STATEMENT ........................................ $0.00

Exhibit 1


PRESS FIRMLY TO SEAL
PRESS FIRMLY TO SEAL
U.S. POSTAGE PAID
PME 2-Day
OLYMPIA, WA
98501
APR 15, 23
AMOUNT
$28.75
RDC 07
90012
R2304H108570-15
PRIORITY MAIL EXPRESS®
UNITED STATES POSTAL SERVICE®
PRIORITY MAIL EXPRESS®
EI 381 248 076 US
FROM:
PHONE 310 666-6031
Matthew Katz
5619 Sunrise Beach Rd NW
Olympia, WA 98502
SIGNATURE REQUIRED
Delivery Options
No Saturday Delivery (delivered next business day)
Sunday/Holiday Delivery Required (additional fee, where available*)
TO:
United States District Court
Central District of California
Western Division, First Street US Courthouse
350 W. 1st Street Suite 4311
90012-4565
For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
$100.00 insurance included.
PEEL FROM THIS CORNER
PO ZIP Code 98501
Scheduled Delivery Date (MM/DD/YY) 04/18/23
Postage $ 28.75
Date Accepted (MM/DD/YY) 04/15/23
Time Accepted 1402
Weight lbs. 4.7 ozs.
$ 28.75
RECEIVED
CLERK, U.S. DISTRICT COURT
APR 18 2023
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY
LABEL 11-B, MAY 2021
FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT
To schedule free Package Pickup, scan the QR code.
USPS.COM/PICKUP
PS10001000006
EP13F July 2022
OD: 12 1/2 x 9 1/2
UNITED STATES POSTAL SERVICE.
This package is made from post-consumer waste. Please recycle - again.
This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; July 2022; All rights reserved.

UNITED STATES POSTAL SERVICE®

PRIORITY MAIL EXPRESS®

EMS

FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

VISIT US AT USPS.COM®

ORDER FREE SUPPLIES ONLINE

PS10001000006

EP13F July 2022
OD: 12 1/2 x 9 1/2

GUARANTEED* ▪ TRACKED ▪ INSURED

For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 20 lbs.