UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW KATZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID OLAN, et al.<br><br>　　　　　Defendants. | Case No. 2:23-cv-03004-FLA (SKx)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** |

1

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). A complaint filed in federal court must contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart v. Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). But where a party contests, or a court questions, a party's allegations concerning the amount in controversy, both sides submit proof, and the court decides whether the party claiming jurisdiction has proven the amount in controversy by a preponderance of the evidence. *Id.* at 88–89; *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The same procedures apply when the existence of complete diversity of the parties is called into question. *See, e.g., Verb Tech. Co., Inc. v. Baker & Hostetler LLP*, Case No. 2:21-cv-06500-ODW (MAAx), 2021 WL 4125207 (C.D. Cal. Sept. 9, 2021).

The court has reviewed Plaintiff Matthew Katz's ("Plaintiff") Complaint (Dkt. 1) and it is not apparent the court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a). In particular, and without limitation, the court notes that the Complaint contains scant evidence of the amount in controversy.

Accordingly, Plaintiff is ORDERED to SHOW CAUSE, in writing only, within fourteen (14) days from the date of this Order, why this action should not be dismissed for lack of subject matter jurisdiction. Defendants David Olan, Olan Law,

and Kenzi Levine may, but are not required to, file a written response within fourteen days. The parties are encouraged to submit evidence and/or judicially noticeable facts in response to the court's Order. The parties should consider the Order to be an inquiry into both the facial and factual sufficiency of Plaintiff's demonstration of diversity jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

As Plaintiff is the party asserting federal jurisdiction, Plaintiff's failure to respond timely and adequately to this Order shall result in the dismissal of the action without prejudice, without further notice.

IT IS SO ORDERED.

Dated: July 18, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge